*In re* KAYS, Sheriff.

(*District Court, S. D. California.* May 28, 1888.)

JAILS AND JAILERS—SUPPORT OF UNITED STATES PRISONERS.

By Penal Code Cal. §§ 1601, 1602, the sheriff is required to receive and keep in the county jail any prisoner committed by authority of the United States, "provision being made by the United States for the support of such prisoner." *Held,* that the amount per diem fixed by the board of supervisors of the county for the support of state prisoners must be presumed to be a reasonable compensation; and for a refusal of the sheriff to receive a United States prisoner," upon being tendered such amount, he is liable for contempt.

Contempt Proceedings against James C. Kays, sheriff of Los Angeles county.

*George J. Denis,* U. S. Atty., and *R. B. Carpenter,* for the United States.
*Stephen M. White,* for respondent.

Ross, J. One Gallagher having, for an offense against the laws of the United States, been duly committed to the custody and keeping of the sheriff of Los Angeles county,—the officer in charge of the jail of the county,—that officer refused to receive him into his custody unless the government of the United States would pay for the support of the prisoner at the rate of 75 cents per day. The rate fixed by the board of supervisors of the county to be allowed the sheriff for the keeping of prisoners charged with or convicted of offenses against the laws of the state is 35 cents per day, and the agreed case shows that for the keeping of Gallagher the sheriff was, on behalf of the United States government, duly tendered a like sum. The real purpose of the present proceeding, as stated by counsel for the respective parties, is to obtain a judicial determination of the rights and obligations of the sheriff in the premises. The question is, I think, of easy solution. By sections 1601 and 1602 of the Penal Code of California, it is declared:

"1601. The sheriff must receive, and keep in the county jail, any prisoner committed thereto by process or order issued under the authority of the United States, until he is discharged according to law, as if he had been committed under process issued under the authority of this state; provision being made by the United States for the support of such prisoner.

"1602. A sheriff to whose custody a prisoner is committed, as provided in the last section, is answerable for his safe-keeping, in the courts of the United States, according to the laws thereof."

It is thus made the duty of the sheriff to receive, and keep in the county jail, until legally discharged, any prisoner committed thereto by process or order issued under the authority of the United States, as if he had been committed under process issued under the authority of the state; provision being made by the United States for the support of such prisoner. And the sheriff is made answerable for his safe-keeping, in the courts of the United States, according to the laws thereof. As the sheriff has the custody and control of the prisoner, and is made answerable for his safe-keeping, of course, the provision to be made by the

United States for his support is to be made through the sheriff. And for such support the sheriff is entitled to a just and reasonable compensation, but nothing more. He cannot himself arbitrarily determine what the compensation shall be. If so, an unreasonable or exorbitant rate might be fixed. In the nature of things, it cannot be worth more to support a prisoner held for a violation of a law of the United States than one held for a violation of a law of the state of California; and as the government of the United States duly tendered the sheriff the amount fixed by the supervisors of the county as a just compensation for the keeping and support of state and county prisoners, which it must be presumed is a reasonable compensation therefor, the sheriff was tendered for the support of the prisoner in question all that he was entitled to receive or demand. It results that he must be adjudged guilty of the contempt charged, but inasmuch as counsel have explained the real purpose of the proceeding to be to obtain an authoritative determination of the rights and obligations of the sheriff, the **judgment is** that he pay a nominal fine of one dollar.